UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21654-CIV-SEITZ/DUBÉ

GUILLERMO CALDERON,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND CLOSING CASE

THIS MATTER is before the Court on the Report and Recommendation of Magistrate Judge Dubé [DE-27], in which he recommends granting Defendant's Motion for Summary Judgment [DE-15] and denying Plaintiff's Motion for Judgment [DE-14]. The Report and Recommendation found that the ALJ's decision was supported by substantial evidence and, thus, it recommends that the ALJ's decision be affirmed. Plaintiff has filed Objections [DE-18] and the Commissioner has filed a reply to Plaintiff's Objections [DE-19]. Because the Magistrate Judge correctly found that substantial evidence supports the findings of the ALJ, the Court affirms and adopts the Magistrate Judge's Report and Recommendation.

Plaintiff raises three objections to the Magistrate's Report and Recommendation: (1) the Magistrate Judge erred in finding that the ALJ properly weighed the medical evidence; (2) the Magistrate Judge erred in finding that the ALJ properly evaluated Plaintiff's credibility; and (3) the Magistrate Judge erred in finding that the new evidence submitted by Plaintiff to the Appeals Council did not warrant remand. The standard of review of a decision of the Social Security Commissioner applied by a district court is well established:

In reviewing claims brought under the Social Security Act, [a court's] role is a limited one.

> [It] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary. Even if [it] find[s] that the evidence preponderates against the Secretary's decision, [it] must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is more than a scintilla but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Id.* Based on this standard, the Commissioner's decision and the Magistrate Judge's Report and Recommendation must be affirmed.

*1. The ALJ Did Not Improperly Discount the Opinions of Plaintiff's Doctors*

Plaintiff's first objects that the ALJ and the Magistrate Judge failed to properly weigh the opinions from treating physician Dr. Aparicio and from examining physician Dr. Calvo. Plaintiff asserts that the ALJ improperly rejected the findings of Drs. Aparicio and Calvo and improperly relied upon "select" medical findings.

In the Eleventh Circuit, the testimony of a treating physician is to be given substantial weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" exists were the doctor's opinion is not bolstered by the evidence, or where the evidence supported a contrary finding. *Id.* An ALJ must clearly articulate the reasons for giving less weight to the opinion of the treating physician. *Id.* Here, the ALJ clearly set out the evidence that contradicted Dr. Aparicio's and Dr. Calvo's opinions. As discussed in detail in the Report and Recommendation, the ALJ's opinion sets out the information in the medical records that contradicts the doctors' conclusions, including that Plaintiff was able to walk well without assistance and did not need to use a back brace and that Plaintiff had a full range of motion. Furthermore, the ALJ did not rely only on select medical records. A review of the ALJ's opinion shows that he considered numerous medical records from several doctors. Thus, the ALJ

did not err in discounting the opinions of Drs. Aparicio and Calvo.

### 2. The ALJ Did Not Err in Discounting Plaintiff's Testimony About His Pain

Plaintiff's second objection is that the ALJ and the Magistrate Judge erred by discounting Plaintiff's testimony regarding his pain. If an ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Here, as set out in detail in the Report and Recommendation, the ALJ provided explicit and adequate reasons for discounting Plaintiff's testimony. The ALJ, citing to the record, explained that Plaintiff's testimony was inconsistent with the residual functional capacity assessment, that Plaintiff's daily activities are not as limited as one would expect given his complaints of disabling pain, and that the evidence shows that Plaintiff's treatments have been somewhat successful in controlling Plaintiff's symptoms and pain. Thus, the ALJ's credibility analysis met the applicable standard and is supported by substantial evidence.

### 3. New Evidence Does Not Require Remand

Last, Plaintiff argues that new and material evidence submitted to the Appeals Council provides a basis for remand. The Appeals Council must consider "new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Couch v. Astrue*, 267 Fed. App'x 853, 857 (11th Cir. 2008) (quoting *Ingram v. Commissioner*, 496 F.3d 1253, 1262 (11th Cir. 2007)). A review of the new evidence, a multiple impairment questionnaire filled out by Dr. Lindley, indicates that it is not contrary to the weight of the evidence or the ALJ's findings. Specifically, the "new" evidence showed that Plaintiff had chronic low back pain and degenerative disc disease. The ALJ had already determined that Plaintiff had an impairment of the back. The questionnaire also indicated that Plaintiff's pain decreased from a 10 out of 10 to a 4 out

of 10 with treatment, consistent with the ALJ's finding that Plaintiff's treatment was generally successful in controlling his pain. The questionnaire does not set out a finding as to Plaintiff's functional limitations because Dr. Lindley is "not a rehab[ilitation] physician." Thus, there is nothing to indicate that the "new" evidence would have changed the ALJ's findings. Furthermore, the Appeals Council admitted the questionnaire into evidence, indicating that the questionnaire was considered in its determination. Consequently, remand is not warranted.

The Court having reviewed, *de novo*, the Report and Recommendation of Magistrate Judge Dubé and having reviewed the record, it is hereby

ORDERED that:

(1) The Report and Recommendation of Magistrate Judge [DE-17] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) Defendant's Motion for Summary Judgment [DE-15] is GRANTED;

(3) Plaintiff's Motion for Judgment [DE-14] is DENIED;

(4) Plaintiff's Objections [DE-18] are OVERRULED;

(5) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT; and

(6) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 16 day of December, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Dubé
All counsel of record

4